UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN RUIZ, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>　　Plaintiff,<br><br>V.<br><br>DIAMOND PAINTING & SANDBLASTING, LLC,<br><br>　　Defendant. | CIVIL ACTION NO. 2:21-cv-1010 |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendant, Diamond Painting & Sandblasting, LLC ("DIAMOND"), failed to pay Plaintiff, JONATHAN RUIZ, and its other Laborers for all hours worked and also failed to pay appropriate overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff and the similarly situated employees he seeks to represent, are current and former employees of DIAMOND, who worked as Laborers within the last three years (hereinafter referred to as the "Class Members").

3. DIAMOND's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and all other similarly situated Laborers.

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this

case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, JONATHAN RUIZ, lives in the Eastern District of Louisiana. Plaintiff was initially employed by DIAMOND as a Laborer beginning in September of 2020. His written consent will be filed into the record at a later date.

7. The class of similarly situated employees consists of all Laborers who worked for DIAMOND within the last three years (hereinafter referred to as "Class Members").

8. DIAMOND is a Louisiana limited liability company that may be served through its registered agent, Benjamin Pettiette, 83183 Philips Road, Folsom, Louisiana 70437.

## FLSA COVERAGE

9. At all times relevant to this dispute, DIAMOND has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

10. At all times relevant to this dispute, DIAMOND has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

11. At all times relevant to this dispute, DIAMOND has had annual gross revenue in excess of $500,000.

12. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

13. DIAMOND, through its laborers, provides painting and sandblasting of on-shore and off-shore equipment, vessels, and structures to its clients.

14. Plaintiff was hired to work as a Laborer for DIAMOND. DIAMOND controls Plaintiff's conditions of employment. DIAMOND similarly controls the conditions of employment for all Class Members. For instance, DIAMOND determines the Laborers' pay rate and sets policies and procedures that Plaintiff and other Class Members are required to follow.

15. Plaintiff's primary duties as a Laborer consists of: (1) driving to DIAMOND's property every morning or to a jobsite to perform manual laborer required by DIAMOND to run its painting and sandblasting operations, including assisting mechanics with servicing of DIAMOND's equipment.

16. As a Laborer, Plaintiff regularly worked more than forty (40) hours per workweek. Plaintiff was not a member of management. Neither he nor any other Class Member had authority to: (1) manage an enterprise, (2) hire or fire other employees, (3) set the pay rates of other employees, (4) create policies or procedures to govern DIAMOND's employees, (5) handle employee grievances, (6) determine the type of equipment or materials that DIAMOND could use in its operations, (7) plan and/or set DIAMOND's budget, (8) enter into contracts on behalf of DIAMOND, or otherwise have operational control over DIAMOND's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of DIAMOND or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of DIAMOND's business.

17. Plaintiff and Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

18. DIAMOND had the power to discipline and/or terminate Plaintiff and the Class Members, regularly supervised and controlled work schedules and conditions of employment for Plaintiff and Class Members, determined the rate and method of payment of wages and commissions, paid Plaintiff and Class Member wages and made deductions to their wages, and maintained employment records of Plaintiff and Class Members.

19. In addition, DIAMOND issued Plaintiff a wage check every week for some (but not all) hours worked by him during that week period.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by DIAMOND as Laborer within three (3) years from the filing of this suit who, like Plaintiff, (i) have not been compensated the correct overtime rate of pay, (ii) have not been paid for all hours worked, and/or (iii) have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) hours in a single week.

21. DIAMOND classified and paid all of its Laborers in the manner described above. DIAMOND also calculated their regular (and overtime) rate of pay in the same manner. In this regard, DIAMOND maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

22. DIAMOND's Laborers all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require

less supervision than another employee in the same or similar position. In this regard, the Class Members are similar to Plaintiff.

23. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

24. DIAMOND possess the names and addresses of all Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and be given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages and overtime wages, liquidated damages, attorneys' fees, and other damages.  Therefore, notice is appropriately sent to the following class:

*"All of DIAMOND PAINTING & SANDBLASTING, LLC's current and former Laborers who worked for DIAMOND PAINTING & SANDBLASTING, LLC for the past three years and received pay that did not include time and a half for overtime hours."*

## CAUSES OF ACTION

25. Plaintiff incorporates the allegations in the preceding paragraphs.

26. DIAMOND failed to pay Plaintiff and Class Members appropriate overtime wages required by the FLSA for all hours worked.

27. Plaintiff and the Class Members were not paid the correct overtime rate of pay when they worked more than forty (40) hours in a work week. Instead DIAMOND paid Plaintiff and the Class Members straight time. Such a system failed to take into account the actual hours worked, or simply ignored the overtime hours. DIAMOND's failure to pay Plaintiff and the Class Members the correct overtime rate of pay violated the FLSA.

28. DIAMOND's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was

not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

29. Plaintiff and the Class Members are entitled to wages for all hours worked up to forty (40) in a work week, overtime wages for all hours worked in excess of forty (40) in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## PRAYER

Plaintiff respectfully requests that judgment be entered against DIAMOND PAINTING & SANDBLASTING, LLC, awarding them and all similarly situated employees:

a. Wages for all hours worked up to forty (40) per week;

b. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and half times his regular rate of pay;

c. An equal amount as liquidated damages;

d. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e. Such other and further relief as may be required by law.

Respectfully Submitted,

**HMS, L.L.C.**

/s/ Barry W. Sartin, Jr.
**PRESTON L. HAYES (L.B.N. 29898)**
**RYAN P. MONSOUR (L.B.N. 33286)**
**BARRY W. SARTIN, JR. (L.B.N. 34075)**
3850 N. Causeway Boulevard, Suite 590
Metairie, Louisiana 70002
Telephone: (504) 356-0110
Facsimile: (504) 356-0112
*Attorneys for Plaintiff, JONATHAN RUIZ, and of All Others Similarly Situated*

**WAIVER OF SERVICE TO BE SENT TO:**

**DIAMOND PAINTING & SANDBLASTING, LLC**
*Through its registered agent:*
**BENJAMIN PETTIETTE**
*At his home:*
83183 Phillips Road
Folsom, Louisiana 70437